August Marschhoff et al., Appellees, v. William Wirth, Jr., Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review where the same is clearly and manifestly against the weight of the evidence.

Action in case. Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

DILL & PFINGSTEN, for appellant.

A. B. DAVIS and BARTHEL & KLINGEL, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellees to recover damages by reason of the alleged wrongful action of defendant, in obstructing certain streams and watercourses, by putting rocks and other material into the same, by reason whereof, water which would have naturally flowed through said streams, was caused to back up and overflow certain premises of appellees, whereby their crops then growing upon said lands consisting of 16 acres of corn and two acres of hay, were greatly damaged and their leasehold interest in said premises also damaged and reduced in value. Appellees were farming the premises in question under a lease running five years from March 1, 1909. The farm contained 80 acres, mostly rough, hilly land, but

there was a field of bottom land of from 10 to 15 acres. The yearly rent paid by them was $125 for the whole 80 acres. Appellant owned land adjoining the bottom tract on the north and had a wagon road running from his residence, on his own premises south along the west side of appellees' bottom field to a public highway running east and west along the south end of said field. A stream known as Prairie Du Pont creek also runs from a point near the southwest corner of said tract across the west side thereof in a northerly direction to appellant's land. Another and smaller stream enters Prairie Du Pont creek from the east near the southwest corner of said tract, a short distance north of the public road and another and still smaller stream coming from the west, falls in to Prairie Du Pont creek, near the northwest corner of said tract of land. Appellant's road, after leaving his own land, ran for a distance along the west side of Prairie Du Pont creek, crossing the smallest of the three creeks mentioned on a bridge. About the middle of the bottom tract the wagon road passed over Prairie Du Pont creek by a ford, continuing thence on the east side thereof, to the public highway and crossing the second of the creeks above mentioned on a bridge near the highway. Appellant's right to use this road was admitted and is not in question here.

The evidence showed that in the spring of 1909, appellant piled rocks in the creeks at both the upper and lower bridges and put a log across and placed rock in the creek at the ford of Prairie Du Pont creek; that he afterwards built new bridges in place of the old ones, thereby narrowing the channels of the smaller creeks to a considerable extent; that by reason thereof water was diverted from the channel of the several creeks mentioned and appellees' bottom field was partially overflowed; that about four tons of hay worth $20 a ton and about five acres of growing corn were destroyed.

The proof wholly failed to show that appellees suffered damages to the amount of $600.80, the amount recovered by them. Appellees admit that the judgment is for more than the actual damages proven on the trial, but state that they should be entitled to recover the same, for the reason that

appellant's acts were oppressive and in utter disregard of appellees' rights.

Appellees however bring suit only for the damages actually claimed to have been suffered by them, but even if they could be entitled under their plea to recover punitive damages, the proofs in this case were not such as to sustain the same. While there were some disputes between the parties, both appellant and appellees insisting upon what they claim to be their rights, yet the evidence does not show such acts on the part of appellant as to warrant a jury in giving punitive or exemplary damages. The judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*